# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02417-REB-CBS

UNIVERA, INC., *et al.*,

    Plaintiffs,

v.

RESOURCE MAXIMA LLC, *et al.*,

    Defendants.

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by counsel for Plaintiffs, Univera, Inc., d/b/a Oasis LifeSciences ("Oasis") and Unigen Pharmaceuticals, Inc., ("Unigen") (collectively, the "Plaintiffs") and counsel for Defendants, Resource Maxima LLC, Gary and Sandra Coe, and SOE Trading & Management, Ameri-kal, Inc., and Djoko Soejoto (collectively referred to as, the "Defendants") pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure, as follows:

    1.    (a)    This Stipulated Protective Order shall govern the handling of all documents, things, testimony or other information, including all copies, excerpts and summaries thereof (collectively "CONFIDENTIAL MATERIALS") that are subject to discovery in this action. Such discovery includes, without limitation, information produced pursuant to Fed. R. Civ. P. 26, testimony adduced at depositions upon oral examination pursuant to Fed. R. Civ. P., Rule 30, written responses to interrogatories pursuant to Fed. R. Civ. P., Rule 33, documents produced pursuant to Fed. R. Civ. P., Rule 34, answers to requests for admission pursuant to

Fed. R. Civ. P., Rule 36, and testimony, documents and things provided pursuant to Fed. R. Civ. P., Rule 45.

    (b)    The provisions of this Stipulated Protective Order shall apply to: (1) the parties in this action; and (2) any third party producing or disclosing material(s) in this action who agrees to be, or is ordered by the Court to be, bound by the terms of this Stipulated Protective Order.

    2.    (a)    Any party or third party who elects or is ordered to provide discovery under the terms and conditions of this Stipulated Protective Order ("Providing Party") may designate as "CONFIDENTIAL" any material which it produces in the course of this litigation (including appeals) which is owned or controlled by the Providing Party, when the Providing Party in good faith believes that the material contains non-public information that should remain non-public. CONFIDENTIAL MATERIALS shall include all information, documents and things relating in any way to the substance of the foregoing, including but not limited to copies, summaries or abstracts thereof.

    (b)    Where appropriate, a Providing Party may add the designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY", or an equivalent designation, only when the Providing Party believes in good faith that the CONFIDENTIAL MATERIAL is, or has the potential of being, competitively sensitive to the Providing Party or competitively useful to the Receiving Party.

    3.    CONFIDENTIAL MATERIALS shall be subject to the following restrictions:

    (a)    CONFIDENTIAL MATERIALS shall be used only for the purposes of this litigation (including appeals) and for no other purpose (unless authorized by the Court) and

shall not be disclosed, given, shown, made available or communicated, directly or indirectly, in any way to anyone except those authorized persons set forth below if it is necessary that such CONFIDENTIAL MATERIALS be given or shown for the purposes permitted under this paragraph 3.

  (b) CONFIDENTIAL MATERIALS specifically designated as such shall be disclosed, for the purposes set forth above in paragraph 3(a), only to:

    (i) the parties to this action and/or their employees who need access to CONFIDENTIAL MATERIALS for the purpose articulated in paragraph 3(a), above;

    (ii) counsel of record in this case for the parties, including their support personnel and in-house corporate counsel and support personnel;

    (iii) the author or recipient of any document claimed to be CONFIDENTIAL MATERIALS, including any person shown to have personal knowledge of the contents of said document;

    (iv) independent experts, consultants or translators for a party, including their support personnel, whose advice and consultation are being or will be used by such party in connection with preparation for trial, or for trial in this action, including any motions in this action;

    (v) the Court and those employed by the Court (including court reporters, stenographic reporters and Court personnel), in which case such information shall be filed under seal and kept under seal until further order of the Court; and

    (vi) any other person as to whom the Providing Party, or said party's legal representative, agrees to in writing or on the record.

  (c) CONFIDENTIAL MATERIALS specifically designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY", or an equivalent designation, shall be disclosed, for the purposes set forth above in paragraph 3(a), only to:

    (i) counsel of record in this case for the parties, including their support personnel and in-house corporate counsel and support personnel;

    (ii) independent experts, consultants or translators for a party, including their support personnel, whose advice and consultation are being or will be used by such party in connection with preparation for trial, or for trial in this action, including any motions in this action, provided that counsel of record for the Providing Party is provided with written notice, together with a current resume for such expert or consultant, not less than ten (10) days before disclosure of such designated information to any such expert or consultant, unless otherwise agreed to in writing by counsel for the Providing Party.  Should counsel of record for the Providing Party disagree with the disclosure of so designated material to such experts or consultants identified in the notice, the Providing Party may serve and file a noticed motion within not less than ten (10) days of receipt of the written notice.  No disclosure shall take place until such motion is decided or by leave of the Court;

    (iii) the Court and those employed by the Court (including Court reporters, stenographic reporters and Court personnel), in which case such information shall be filed under seal and kept under seal until further order of the Court;

    (iv) Qi Jia, the Vice President and Chief Science Officer of Unigen; and

    (v) Chung Li, the Technical Director of SOE.

  4. (a) Any party may disclose CONFIDENTIAL MATERIALS to a third party witness or his/her counsel during deposition or trial only when it is apparent from the face of the document or from prior testimony, including the testimony of the third party witness, that the said third party witness authored, assisted in the preparation of or received said document or material.  A third party witness and his/her counsel (unless said counsel is an attorney of record herein) shall not be permitted to retain a copy of the CONFIDENTIAL MATERIALS.

  (b) Other than those persons expressly identified in paragraphs 3(b) and 3(c), CONFIDENTIAL MATERIALS designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY", or an equivalent designation, shall not be disclosed, given, shown, made available or

communicated, directly or indirectly, in any way to any person or entity, including the parties to this action.

5. Any person given access to CONFIDENTIAL MATERIALS pursuant to the terms hereof shall be advised that the CONFIDENTIAL MATERIALS are being disclosed pursuant to, and subject to, the terms of this Stipulated Protective Order and may not be disclosed other than pursuant to the terms hereof, and that the violation of the terms of this Stipulated Protective Order may constitute contempt of a court order. Before any person designated in paragraphs 3(b)(i), 3(b)(iv), 3(b)(vi), 3(c)(ii), or 3(c)(iv) is given access to CONFIDENTIAL MATERIALS, he/she shall provide a written statement of assurance to be bound by the provisions of this Stipulated Protective Order as provided in the Disclosure Agreement attached hereto.

6. CONFIDENTIAL MATERIALS shall be designated as follows:

(a) In the case of documents, the designation shall be made by placing the legend "CONFIDENTIAL" and, if applicable, also "CONFIDENTIAL – ATTORNEYS' EYES ONLY", or an equivalent designation, on each page of such document(s) produced by the Providing Party. Such designation shall be made at the time a document or portion thereof is produced for inspection by counsel, and it is sufficient designation for this purpose that a container holding tangible objects, a file or an individual document bear a written label marked with the appropriate designation. In the event that a Providing Party inadvertently fails to designate any of its information pursuant to this paragraph, it may later designate by notifying the Receiving Parties in writing, accompanied by substitute copies of the information, appropriately marked. The Receiving Party shall take reasonable steps to see that the

information is thereafter treated in accordance with the designation. Within five (5) days of receipt of the substitute copies, the Receiving Party shall return the previously unmarked information and all copies thereof or destroy the same and certify the destruction to counsel for the Providing Party. It shall be understood, however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a related designation.

(b) In the case of interrogatory answers or responses to requests for admissions, the designation shall be made by placing the legend "CONFIDENTIAL" and, if applicable, also "CONFIDENTIAL – ATTORNEYS' EYES ONLY", or an equivalent designation, on each page of any answer that contains confidential information.

(c) In the case of depositions upon oral examination, if counsel for any party believes that a question or answer of its client, or former or current officers, directors or employees of such client, a third party witness and/or an expert constitutes CONFIDENTIAL MATERIALS, counsel may so state on the record and may request that the specific pages which include such CONFIDENTIAL MATERIALS be included in a separate sealed portion of the transcript. When testimony designated as "CONFIDENTIAL" and, if applicable, also "CONFIDENTIAL – ATTORNEYS' EYES ONLY"," is elicited during a deposition, persons not entitled to receive such information under the terms of this Stipulated Protective Order shall be excluded from the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as CONFIDENTIAL MATERIALS on the record at the deposition shall have thirty (30) days, following mailing of the transcript by the court reporter, in which to correct the failure. Such correction and notice thereof shall be made in writing to the

reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute CONFIDENTIAL MATERIALS, and directing the reporter to place the same seal as provided in this Paragraph 6(c). Until expiration of the aforesaid thirty (30) day period, all deposition transcripts shall be considered and treated as protected CONFIDENTIAL MATERIALS under the classification "CONFIDENTIAL – ATTORNEYS' EYES ONLY", unless otherwise agreed to on the record at the deposition.

7. All designated information shall be stored and maintained in a manner that will prevent access to that information by unauthorized persons.

8. (a) The acceptance by a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL MATERIALS is, in fact, confidential. Any party may upon ten (10) days advance written notice to the other party move this Court for (i) modification of this Stipulated Protective Order, or (ii) relief from the provisions of this Stipulated Protective Order. In addition, the parties may agree in writing or on the record to necessary modifications of this Stipulated Protective Order.

(b) A party shall not be obligated to challenge the propriety of the designation of CONFIDENTIAL MATERIALS at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, the parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, the party challenging the propriety of the designation CONFIDENTIAL MATERIALS shall provide written notice of such challenge to the Providing Party, and the party wishing to maintain the designation must present a motion to the Court claiming such status within ten (10) business days of service of the written notice of challenge of

the claim to such status is waived. The material in issue shall continue to be treated as designated until the Court orders otherwise.

9. Nothing in this Stipulated Protective Order shall require disclosure of material that counsel for a party or a third party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

10. Nothing in this Stipulated Protective Order shall be construed as a waiver of the right of any party to object to the taking or the admissibility of any testimony or other evidence where such objection is based on a ground or grounds other than that the testimony or evidence involves CONFIDENTIAL MATERIALS, and nothing herein shall be construed as an agreement that any CONFIDENTIAL MATERIALS shall be withheld from or excluded from evidence in any proceeding in this case.

11. This Stipulated Protective Order shall not prevent a party or third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

12. CONFIDENTIAL MATERIALS may be used to prepare for and conduct discovery and to prepare for trial. CONFIDENTIAL MATERIALS may also be used in testimony at trial, in connection with any motion, at any hearing, and at depositions, and may be offered in evidence at trial or in connection with any motion. The restrictions on use of CONFIDENTIAL MATERIALS set forth in this Stipulated Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Stipulated Protective Order.

(a) All pleadings or other court filings which incorporate or disclose CONFIDENTIAL MATERIALS shall be filed in sealed envelopes and labeled according to D.C.COLO.LCivR 7.2 and 7.3.

In addition, the above restraints shall not prevent a second copy of any pleading or paper specifically intended for review by the Court and appropriately designated from being hand delivered to the Court's chambers. Any documents so filed shall not be made a part of the public record herein and shall be returned to the respective parties promptly upon completion of the litigation.

(b) Any disclosure of CONFIDENTIAL MATERIALS in any other court proceeding herein (other than when proffered as evidence at trial) shall be made *in camera* unless the Court orders otherwise, or the parties mutually agree otherwise.

13. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to the attorney-client privilege, the protection afforded to work-product materials, the confidentiality protection of the Stipulated Protective Order, or the subject matter hereof. Upon receiving notice from the Providing Party that materials have been inadvertently produced, they shall be promptly returned to the Providing Party. Such return shall not be deemed an admission or concession regarding any claimed privilege or protection under this Order.

14. Notwithstanding any of the foregoing provisions, this Stipulated Protective Order has no effect upon, and its scope shall not extend to, any person's use of its own CONFIDENTIAL MATERIALS.

15. Within sixty (60) days after final termination of this action, whether by judgment, settlement or otherwise, counsel for the Receiving Party shall return all copies of CONFIDENTIAL MATERIALS to counsel for the Providing Party, or shall destroy such CONFIDENTIAL MATERIALS and certify the destruction to counsel for the Providing Party except that counsel of record may retain for its files one full set of copies of pleading, affidavits, briefs and memoranda filed in this action; one set of transcripts of all depositions (with exhibits) taken and all of its own work product generated in connection with this action.

16. Notwithstanding anything to the contrary contained in this Stipulated Protective Order, the restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to any information which the parties agree, or the Court determines:

(a) is already in the unrestricted and rightful possession of the receiving party or in the public domain at the time of receipt. Provided, however, that this Stipulated Protective Order shall not impair, revoke, or affect the parties' obligations to maintain the confidentiality or proprietary information, trade secrets, or other confidential business information;

(b) becomes public knowledge after receipt through no fault of the Receiving Party, the Receiving Party's counsel, or any expert or consultant retained by the Receiving Party; or

(c) is transmitted to the Receiving Party by a third party having no obligation to the Providing Party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL MATERIALS if the parties agree or the Court rules that said person already had or obtained possession thereof legitimately.

17. Any person to whom disclosure is made pursuant to any of the foregoing subparagraphs shall be subject to the restrictions imposed by this Stipulated Protective Order and consents to be subject to the personal jurisdiction of this Court for the limited purposes of securing compliance with the terms, or to punish the breach of any of the terms, of this Order.

Dated this 16th day of June, 2006

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

Approved by on behalf of Univera, Inc. d/b/a Oasis Lifesciences, and Unigen Pharmaceuticals, Inc., by George G. Matava:

Date:  6/14/06          By:   /George G. Matava

        George G. Matava
        Shelley B. Mixon
        GREENBERG TRAURIG, LLP
        1200 Seventeenth Street, Suite 2400
        Denver, Colorado 80202
        Telephone: (303) 572-6500
        Facsimile: (303) 572-6540

        Attorneys for Plaintiffs Univera, Inc.
        d/b/a Oasis LifeSciences and
        Unigen Pharmaceuticals, Inc.

Approved on behalf of Resource Maxima LLC, Gary and Sandra Coe, SOE Trading & Management, Ameri-kal, Inc., and Djoko Soejoto by M. Shane Edgington:

Date:  6/13/06            By:      /M. Shane Edgington

                              M. Shane Edgington
                              T. Isaac Warren
                              HENSLEY KIM & EDGINGTON, LLC
                              1660 Lincoln Street, Suite 3050
                              Denver, CO  80264
                              720-377-0770

                              Attorneys for Defendants Resource Maxima LLC,
                              Gary and Sandra Coe,  and SOE Trading &
                              Management

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-02417-REB-CBS

UNIVERA, INC., *et al.*,

    Plaintiffs,

v.

RESOURCE MAXIMA LLC, *et al.*,

    Defendants.

---

**DISCLOSURE AGREEMENT**

---

I, _____, declare that: I reside at _____ in the city of _____, county of _____, state of _____, and acknowledge and declare as follows:

I have been provided with and have read a copy of the Stipulated Protective Order ("Order") dated _____ entered in connection with this case and I agree, upon the threat of penalty of contempt and other civil remedies, to be bound by the terms of this Order. I further irrevocably consent to the jurisdiction of the United States District Court, District of Colorado, for the purpose of any proceeding to enforce or secure compliance with the terms of this Order, or to punish the breach of any of the terms of this Order.

Executed this \_\_\_ day of _____, 200\_, at _____.

_____
Name